14-4046-cv
Baldwin v. Goddard Riverside Comm.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of September, two thousand fifteen.

PRESENT:   GERARD E. LYNCH,
                    RAYMOND J. LOHIER, JR.,
                    SUSAN L. CARNEY,
                                   *Circuit Judges*,
_____

SUSAN J. BALDWIN,
            *Plaintiff-Appellant*,

                    v.                                                    No.   14-4046-cv

GODDARD RIVERSIDE COMMUNITY CENTER,
            *Defendant-Appellee.*

_____

APPEARING FOR APPELLANT:        JOSHUA ALEXANDER BERNSTEIN, Josh Bernstein P.C., New York, New York.

APPEARING FOR APPELLEES:        MICHAEL TILIAKOS, (Eric W. Ruden, Ralph Carter, *on the brief*), Duane Morris LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Paul G. Gardephe, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Susan J. Baldwin appeals from a judgment dismissing, on summary judgment, her claims against her former employer, defendant-appellee Goddard Riverside Community Center, of unlawful retaliation under Title VII, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). We assume the parties' familiarity with the underlying facts and procedural history of this case, as well as with the issues on appeal. We review *de novo* a district court's grant of summary judgment. Velazco v. Columbus Citizens Found., 778 F.3d 409, 410 (2d Cir. 2015).

First, Baldwin argues that the district court improperly dismissed her Title VII and NYSHRL claims on summary judgment. However, Baldwin failed to meet the initial burden of proof to make out a prima facie case of retaliation. Baldwin offers no direct evidence that her termination was caused by her support for another employee's discrimination complaint, or her refusal of an alleged order to discriminate against Russian applicants for housing.[1] There is no evidence, for example, that anyone involved in her firing ever mentioned her support for the other employee, and when she

[1] Because Goddard did not raise the issue as a defense to Baldwin's claim under Title VII, we do not address whether opposition to housing discrimination qualifies as protected activity for a Title VII retaliation claim. See 42 U.S.C. §§ 2000e-2, 20000e-3 (prohibiting retaliation for opposition to employment practices made unlawful by Title VII); cf. Wimmer v. Suffolk Cty. Police Dep't, 176 F.3d 125, 134 (2d. Cir. 1999) (holding police department employee's opposition to discrimination by police officers against black citizens did not constitute protected activity under Title VII).

complained of the order regarding Russian applicants, her supervisor – the very person who eventually made the decision to fire her – told her to disregard it, and the matter apparently never came up again. Thus, the only evidence she offers to link her firing to her protected activity is temporal proximity. As the Supreme Court has noted, "[C]ases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be very close." Clark Cty Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) (internal quotation marks omitted). The protected activity in which Baldwin engaged preceded her termination by as much as sixteen months. To the extent Baldwin claims that she suffered other mistreatment or a diminution of her job responsibilities closer in time to the protected activity, none of the minor frictions or changes to her job duties that she cites constitute adverse employment actions, either singly or taken together.

Nor did the district court treat the fact of the employer's prior dissatisfaction with Baldwin's performance barred any retaliation claim. The district court appropriately applied the McDonnell Douglas burden-shifting test and concluded that, notwithstanding the minimal burden required of a plaintiff on summary judgment to make out a prima facie case of retaliation, see Zann Kwan v. Andalex Grp., LLC, 737 F.3d 834, 844 (2d Cir. 2013), Baldwin had not adduced sufficient evidence to permit a reasonable juror to conclude that she had been retaliated against because of her protected activities.

3

Second, Baldwin argues that, even if summary judgment on the Title VII and NYSHRL claims was proper, the district court erroneously applied the stricter Title VII standard to her NYCHRL claim. As Baldwin correctly points out, we have emphasized that the standard for claims under the NYCHRL is intended to be more liberal than the standard for Title VII and NYSHRL claims, and that "courts must analyze NYCHRL claims separately and independently from any federal and state law claims." Mihalik v. Credit Agricole Cheuvreux, 715 F.3d 102, 109 (2d Cir. 2013); see also Velazco, 778 F.3d at 411 (2d Cir. 2015). The district court's only treatment of the city law claims occurred in a brief paragraph essentially dismissing Baldwin's NYCHRL claims on the same basis as the dismissal of the federal and state claims. The district court should have analyzed those claims separately.

However, even under the more liberal standard we apply to NYCHRL retaliation claims "for the accomplishment of [its] uniquely broad and remedial purposes," Local Civil Rights Restoration Act of 2005, N.Y.C. Local L. No. 85 § 7 (amending N.Y.C. Admin. Code § 8-130), Baldwin's claim fails. The breadth of the NYCHRL does not preclude summary judgment in every case. See, e.g., Melman v. Montefiore Med. Ctr., 946 N.Y.S.2d 27, 40-41 (1st Dep't 2012); Bennett v. Health Mgmt. Sys., Inc., 936 N.Y.S.2d 112, 123-125 (1st Dep't 2011). Baldwin has not offered sufficient evidence to raise a jury question as to whether defendant's actions were caused even "in part by . . . retaliatory motives," Mihalik, 715 F.3d at 113, or whether retaliation was "one of the motivating factors, even if it was not the sole motivating factor," Melman, 946 N.Y.S.2d

4

at 40-41. Apart from noting that the district court should have analyzed the NYCHRL claims separately, Baldwin offers no explanation of how any differences in the NYCHRL standards are material to the evidence in this case, or make her NYCHRL claims viable where her federal and state claims fail.

We have considered all of Baldwin's remaining arguments and find them to be without merit. For the foregoing reasons the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court